```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 GREGORY MANGO,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :
              - against -                                   :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
 PACIFICA FOUNDATION INC.,                                  :
                                                            :   18-cv-6318 (BMC)
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff alleges that defendant reproduced his photograph without authorization in violation of the Copyright Act and the Digital Millennium Copyright Act (the "DMCA"). Before me is plaintiff's motion for a default judgment. The motion is granted.

## BACKGROUND

According to the complaint, plaintiff photographed a teacher, registered the photograph with the United States Copyright Office, and licensed the photograph to the New York Post. The New York Post then published an article online that featured the photograph and a gutter credit that identified plaintiff as the photographer. A month later, defendant published an article online that featured the photograph without plaintiff's permission and without the gutter credit.

## DISCUSSION

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183

F.3d 151, 155 (2d Cir. 1999).  A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when determining statutory damages.  Rolex Watch U.S.A., Inc. v. Brown, 01-cv-9155, 2002 WL 1226863, at *2 (S.D.N.Y. June 5, 2002).

There is no need for a hearing here, where plaintiff is only seeking statutory damages. Specifically, plaintiff seeks $30,000 in statutory damages under the Copyright Act and $10,000 in statutory damages under the DMCA.

Under the Copyright Act, courts are given broad discretion to award statutory damages within the range of $750 to $30,000 for copyright infringement.  17 U.S.C. § 504(c)(1).  In determining the appropriate award, this Court may consider factors that include the deterrent effect of the award, the revenues lost by plaintiff, and factors relating to defendant's culpability. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110 (2d Cir. 1986).

When defendant is "in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing damages against defendants." Van Der Zee v. Greenidge, 03-cv-8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006).  Even if "plaintiff does not seek a willfulness enhancement, it is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range." Tokar v. 8 Whispering Fields Associates, Ltd., 08-cv-4573, 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011).

However, "[t]his Court, like others, will not simply award the maximum statutory damages because a defendant has defaulted." Korzeniewski v. Sapa Pho Vietnamese Restaurant Inc., 17-cv-5721, 2019 WL 312149, at *8 (E.D.N.Y. Jan. 3, 2019).  "In determining by how

much a statutory award should exceed a plaintiff's regular licensing fee, courts in this circuit typically apply a multiplier between three and five." Id.

A plaintiff's failure to provide evidence "regarding the license fee he typically charged for use of the … photograph" or any other "evidence concerning actual damages or revenues lost … weigh[s] in favor of a reduced award." Philpot v. L.M. Communications II of South Carolina, Inc., 343 F. Supp. 3d 694, 704 (E.D. Ky. 2018). "[A] statutory damages award of $5,000 is sufficient to compensate the plaintiff and to punish the defendant for its willful infringement" when the plaintiff "offered no evidence regarding actual damages or the market value of the copyrighted photographs." Philpot v. Music Times LLC, 16-cv-1277, 2017 WL 1906902, at *1 (S.D.N.Y. May 9, 2017).

Here, defendant is in a position to repeat the unauthorized reproduction of material on its website and has defaulted, which gives rise to the inference that its conduct was willful. However, because plaintiff declined to submit his licensing fee history or any other evidence of his actual losses, the Court declines to award the maximum statutory award. A statutory damages award of $5,000 for violating the Copyright Act is appropriate.

Plaintiff also seeks $10,000 under 17 U.S.C. § 1203, which allows for statutory damages of $2,500 to $25,000 for intentionally removing plaintiff's copyright management information from the photograph. "Much like in the determination of statutory damages for copyright infringement, courts typically assess the 'circumstances of the violation' and willfulness of the violation" when assessing damages for removing the gutter credit of a photograph. Mango v. BuzzFeed, Inc., 17-cv-6784, 2019 WL 417750, at *7 (E.D.N.Y. Jan. 17, 2019).

In light of these factors, as assessed above, the Court finds an award of $5,000 appropriate for violating the DMCA. This amount is consistent with the amount that courts in

3

the Second Circuit have awarded for a single instance of removing copyright management information.  See id. (collecting cases).

In addition, plaintiff seeks recovery of $4,612.50 in attorneys' fees plus $502.55 in costs.  The fees are the product of 10.25 hours of work – which is reasonable for the tasks undertaken – by a partner who specializes in intellectual property cases.  His hourly rate of $450 is reasonable in light of the allowable rates for this district.  BWP Media USA, Inc. v. Mishka NYC LLC, 13-cv-4435, 2016 WL 8309676 (E.D.N.Y. Dec. 28, 2016).  The $502.55 in costs is also reasonable.

## CONCLUSION

The [11] motion for a default judgment is granted.  Judgment will be entered accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
February 10, 2019